1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES WREN,

11            Petitioner,                        No. 2:12-cv-1342 GGH P

12        vs.

13   GARY SWARTHOUT,

14                                               ORDER &
              Respondent.                        FINDINGS AND RECOMMENDATIONS
15   _____/

16            Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.[1]  In 1993, petitioner was convicted of second degree

18   murder with a five-year enhancement for a prior felony conviction and was sentenced to a total

19   term of twenty years to life with the possibility of parole.  Petitioner challenges the 2011 decision

20   by the California Board of Parole Hearings (BPH) finding him unsuitable for parole on two

21   grounds: 1) that his Fifth and Fourteenth Amendment due process rights were violated by the

22   BPH's decision to delay setting a parole release date because it was not predicated on relevant,

23   reliable evidence that petitioner remains a danger to society, was arbitrary and the state court

24

25        [1] The court notes petitioner has not filed an in forma pauperis affidavit or paid the
     required filing fee ($5.00), see 28 U.S.C. §§ 1914(a); 1915(a), but will proceed to screen the
26   petition.

                                               1

1   decision upholding it was an unreasonable application of state  law; and 2) the BPH application

2   of Proposition 9, Marsy's Law, to petitioner violated the ex post facto clause as applied to his

3   circumstances.  See Petition.

4              On January 24, 2011, the United States Supreme Court in a per curiam decision

5   found that the Ninth Circuit erred in commanding a federal review of the state's application of

6   state law in applying the "some evidence" standard in the parole eligibility habeas context.

7   Swarthout v. Cooke, ___ U.S. ___,  131 S. Ct. 859, 861 (2011).  Quoting, inter alia, Estelle v.

8   McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus

9   relief does not lie for errors of state law.'"  Id.   While the high court found that the Ninth

10  Circuit's holding that California law does create a liberty interest in parole was "a reasonable

11  application of our cases" (while explicitly not reviewing that holding),[2] the Supreme Court

12  stated:

13              When, however, a State creates a liberty interest, the Due Process
            Clause requires fair procedures for its vindication-and federal
14          courts will review the application of those constitutionally required
            procedures. In the context of parole, we have held that the
15          procedures required are minimal.

16  Swarthout v. Cooke, at 862.

17              Citing Greenholtz,[3] the Supreme Court noted it had found under another state's

18  similar parole statute that a prisoner had "received adequate process" when "allowed an

19

20       [2] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en
    banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010),
21  which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially
    overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme
22  Court, a district court is no longer bound by that authority, and need not wait until the authority is
    also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en
23  banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively
    overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those
24  decisions do not expressly overrule the prior circuit precedent."  Miller, 335 F.3d at 899 (quoting
    Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court
25  is not bound by Hayward.

26       [3] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

1  opportunity to be heard" and "provided a statement of the reasons why parole was denied."

2  Swarthout v. Cooke, at 862.   Noting their holding therein that "[t]he Constitution [] does not

3  require more," the justices in the instances before them, found the prisoners had "received at least

4  this amount of process: They were allowed to speak at their parole hearings and to contest the

5  evidence against them, were afforded access to their records in advance, and were notified as to

6  the reasons why parole was denied." Id.

7          The Supreme Court was emphatic in asserting "[t]hat should have been the

8  beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862.  "It

9  will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty

10  interest...." Id., at 863.  "No opinion of ours supports converting California's "some evidence"

11  rule into a substantive federal requirement." Id., at 862.  Thus, it appears there is no federal due

12  process requirement for a "some evidence" review and it also appears that federal courts are

13  precluded from review of the state court's application of its "some evidence" standard.  Although

14  petitioner argues mightily for entitlement to substantive due process in this court with regard to

15  state parole procedures, Swarthout v. Cooke could not be more emphatic.  Petitioner does not

16  raise a claim implicating procedural due process at the hearing.  He does not contend that he was

17  deprived of an opportunity to be heard or that he was not provided a statement of reasons for the

18  parole denial.[4]  This claim should be dismissed.

19          As to ground 2, petitioner's claim regarding the application of Proposition 9

20  resulting in an increased deferral period before his next parole suitability hearing is not a

21  challenge to the parole denial decision itself and is, therefore, not cognizable under 28 U.S.C. §

22  2254.  Although petitioner's ultimate goal is a speedier release from incarceration, the immediate

23  relief sought on this ground vis-a-vis Marsy's Law is a speedier *opportunity* to *attempt* to

24

---

25          [4] Although petitioner does not include a copy of the 2011 parole hearing transcript, it is
    evident that he had ample opportunity to speak, see, e.g., petitioner's reference to having given
26  his version of events that led up to the commitment offense.  Petition, p. 14.

1 convince BPH once again that he should be released; that is too attenuated from any past finding

2 by the BPH of parole suitability for such a claim to sound in habeas.  Rather this claim is a

3 challenge to the constitutionality of state procedures denying parole eligibility or suitability and

4 could properly proceed pursuant to an action under 42 U.S.C. § 1983.  Skinner v. Switzer,

5 ___U.S.___, 2011 WL 767703 at *8 (Mar. 7, 2011) ("Success in his suit for DNA testing would

6 not 'necessarily imply' the invalidity of his conviction"); id., citing Wilkinson v. Dotson, 544

7 U.S. 74, 82, 125 S. Ct. 1242, 1248 (2005) ("Success...does not mean immediate release from

8 confinement or a shorter stay in prison" but "at most [a] new eligibility review" or "a new parole

9 hearing....").  Moreover, the High Court in Wilkinson expressly noted that a claim seeking "an

10 injunction barring *future* unconstitutional procedures did *not* fall within habeas' exclusive

11 domain."  Id. at 81, 125 S.Ct. at 1247 [emphasis in original.]   Even earlier, the Ninth Circuit had

12 found that the challenge of inmates to a sex offender treatment program as a violation of, inter

13 alia, the ex post facto clause and their due process rights was appropriate under § 1983 because

14 victory could only result in "a ticket to get in the door of the parole board....," and did not

15 undermine the validity of convictions or continued confinement.  Neal v. Shimoda,131 F.3d 818,

16 824 (9th Cir. 1997).

17        Moreover, currently, there is a class action proceeding, Gilman v. Brown, CIV-S-

18 05-0830 LKK GGH,[5] wherein "the procedures used in determining suitability for parole: the

19 factors considered, the explanations given, and the frequency of the hearings" are what is at

20 issue.  Id., p. 8 [emphasis in original].  The "frequency of the hearings" is precisely what is at

21 issue in the instant claim.

22        The Gilman class is made up of:

23        California state prisoners who: "(I) have been sentenced to a term
          that includes life; (ii) are serving sentences that include the
24        possibility of parole; (iii) are eligible for parole; and (iv) have been
          denied parole on one or more occasions."

25

26    [5] See Docket # 182 of Case No. 05-CV-0830.

1    Id., p. 10.[6]

2          Petitioner – convicted of second degree murder, sentenced to a term of 20 years to

3    life with the possibility of parole and challenging a second subsequent parole consideration

4    hearing denial – fits squarely within the parameters of the Gilman class.[7]  See Petition.  Although

5    defendants have very recently been granted judgment on the pleadings as to several of the claims

6    in Gilman, the ex post facto challenge by class members to the application of Marsy's Law is

7    proceeding.[8]

8          Finally, the undersigned can think of no reason why the parole eligibility hearing

9    frequency issue should proceed in habeas using the highly deferential AEDPA standard, while

10   the civil rights claim involving this same issue proceeds under *de novo* review of federal law.

11          This claim, therefore, should be dismissed from this petition.  Having determined

12   there is no ground on which this petition may proceed, the undersigned wil recommend dismissal

13   of the entire petition.

14          Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this

15   case.

16          IT IS HEREBY RECOMMENDED that this petition be dismissed.

17          If petitioner files objections, he shall also address if a certificate of appealability

18   should issue and, if so, as to which issues.  A certificate of appealability may issue under 28

19

20          [6] The Ninth Circuit affirmed the Order, certifying the class.  See Docket # 258 in Case
      No. 2: 05-cv-0830 LKK GGH.

21

22          [7] As a member plaintiff of a class action for equitable relief from prison conditions,
      petitioner may not, as plaintiff, maintain a separate, individual suit for equitable relief involving
      the same subject matter of the class action.  See Crawford v. Bell, 599 F.2d 890, 892-93 (9th
23   Cir.1979); see also McNeil v. Guthrie, 945 F.2d 1163,1165 (10th Cir. 1991) ("Individual suits for
      injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought
24   where there is an existing class action ."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th
      Cir.1988) (en banc) ("To allow individual suits would interfere with the orderly administration of
25   the class action and risk inconsistent adjudications.").

26          [8] See Order filed on 5/31/12 (docket # 420) in Case No. 2: 05-cv-0830 LKK GGH.

1   U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

2   constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate

3   which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

4            These findings and recommendations are submitted to the United States District

5   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

6   days after being served with these findings and recommendations, petitioner may file written

7   objections with the court.  Such a document should be captioned "Objections to Magistrate.

8   Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections

9   within the specified time may waive the right to appeal the District Court's order.  Martinez v.

10  Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED: June 13, 2012

                                    /s/ Gregory G. Hollows
12                              UNITED STATES MAGISTRATE JUDGE

13  GGH:009
    wren1342.scr

14

15

16

17

18

19

20

21

22

23

24

25

26